# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 2:11CR00004 |
| v. | ) | **OPINION AND ORDER** |
| **CHRISTOPHER MOORE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Christopher Moore, Pro Se Defendant.*

The defendant, Christopher Moore, moves for a new trial based upon alleged new evidence. For the following reasons, I will deny the defendant's motion.

Moore was convicted by a jury in 2012 of forcibly assaulting a corrections officer at the United States Penitentiary-Lee County, in violation of 18 U.S.C.A. § 111(a)(1) (West Supp. 2013). His conviction was upheld on appeal. *United States v. Moore*, No. 12-4963, 2013 WL 3359271 (4th Cir. July 5, 2013) (unpublished). At trial, the government introduced rebuttal testimony of Federal Bureau of Investigation Special Agent Doug Fender, who testified that in an interview several months after the incident, Moore had stated that he had slapped away a corrections officer's hands but had not kicked him, as contended by the government.

Moore moves for a new trial based on his contention that he has now learned that a Bureau of Prisons memo exists that shows that on the date of the incident, December 3, 2009, he told a prison investigator that he had "no comment unless his attorney was present." (Mot., Ex. A.) He contends that this memo was not disclosed by the government prior to his trial.[1]

Rule 33(b)(1) allows a defendant to file a motion for new trial based on newly discovered evidence within three years of the entry of judgment. A motion for a new trial based on newly discovered evidence may only be granted if the defendant shows that each of the following five factors have been met: (1) the evidence has been discovered since the trial, (2) the moving party acted with diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to the issues involved in the case, and (5) the new evidence would probably produce an acquittal at a new trial. *United States v. Custis,* 988 F.2d 1355, 1359 (4th Cir. 1993), *aff'd,* 511 U.S. 485 (1994).

---

[1] The defendant filed a pro se motion that was treated initially by the court as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C.A. § 2255 (West 2012). The defendant objected to its consideration as a 2255 motion, pointing out that he had a petition for certiorari pending before the Supreme Court. Accordingly, the court dismissed the 2255 motion without prejudice and as requested by the defendant, treated the pro se motion as a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(b)(1).

The alleged newly discovered Bureau of Prisons memo is not material to the issues involved in the defendant's trial, nor would it have probably produced an acquittal. Even assuming that Moore refused to talk to the prison investigator on the day of the incident, the interview by FBI Agent Fender occurred on March 30, 2010, nearly four months later. Agent Fender testified without contradiction that the defendant, after having been advised by the agent of his *Miranda* rights, voluntarily discussed the incident. The fact that the defendant refused to discuss the matter with a prison investigator on the day of the incident does not affect the validity of his later waiver of his rights to a different agent. The introduction of the Bureau of Prison memo would have made no difference in the outcome of the trial.

For these reasons, it is **ORDERED** that the Motion for New Trial (ECF No. 283) is DENIED.

ENTER: November 4, 2013

/s/ JAMES P. JONES
United States District Judge