# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11CR00004 |
| v. | OPINION |
| CHRISTOPHER MOORE, | By: James P. Jones |
| Defendant. | United States District Judge |

*Christopher Moore, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The court conditionally filed the § 2255 motion, advised him that the § 2255 motion appeared to be untimely filed, and gave him ten days to explain why the court should consider the § 2255 motion timely filed. Having not received a response within the applicable time, I dismissed the § 2255 motion due to Moore's failure to respond.

Three days after the dismissal order was entered, the court received Moore's response to the conditional filing order, and seven days thereafter, the court received Moore's letter-motion asking me to consider his delayed response to the prior order and the § 2255 motion. (ECF No. 304.) Moore explains that he was unable to timely respond to the prior order because his facility had been in "lockdown" and a restrictive "modified" status. (ECF No. 303-04.) Finding it

appropriate to do so, I grant the Motion for Reconsideration, but even after considering Moore's response, I dismiss the § 2255 motion as untimely filed, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

I.

I entered Moore's criminal judgment on November 27, 2012, sentencing him to twenty-four months' incarceration after a jury convicted him of more than simple assault, in violation of 18 U.S.C. § 111(a)(2). The Court of Appeals for the Fourth Circuit affirmed the judgment in *United States v. Moore*, 532 F. App'x 336 (4th Cir. 2013) (unpublished), and the United States Supreme Court denied a petition for a writ of certiorari on November 4, 2013. Moore filed the instant § 2255 motion no earlier than January 9, 2015. *See* Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a

-2-

Case 2:11-cr-00004-JPJ   Document 305   Filed 04/07/15   Page 2 of 6   Pageid#: 2062

motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Moore's criminal judgment became final on November 4, 2013. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Moore had until November 4, 2014, to timely file a § 2255 motion, but he did not commence this collateral attack until January 2015.

Liberally construed, Moore argues that his motion should be considered timely filed under § 2255(f)(2) because prison officials assigned him to the more restrictive Special Management Housing Units ("SMU") at the United States Penitentiary ("USP") Lewisburg and USP Allenwood between January 2013 and September 2, 2014. (Pet'r's Resp., ECF No. 303.) Moore complains that, while at these locations, he "was subjected with threats of violence by numerous staff members, when [Moore] was complaining that he needed to review his legal documents, due to [Moore]'s one year filing statute of limitation." (*Id.* at ¶ 2.)

-3-

Consequently, Moore "decided to just wait until he completed the (SMU) Program, instead of allowing certain staff members to provoke[] [Moore] into being set back to phase one day one . . . and upon [Moore] arriv[ing] at the new [correctional] designation, [Moore] would submit the U.S.C. § 2255 application." (*Id.* at ¶ 3.) However, once Moore received a new designation to USP Pollock on September 3, 2014, he discovered that prison staff had lost some of his legal papers and disorganized the rest. (*Id.* at ¶ 5.) Despite these events, Moore "decided to submit" the § 2255 motion "[w]ithout further delay" in January 2015. (*Id.* at ¶ 8.) Moore blames the "stressful environment at the (SMU) and <u>not</u> being able to get adequate law library time or access to review" his documents as the reasons why the § 2255 motion was not timely filed. (*Id.* at ¶ 4.)

I find that the circumstances and rationale described by Moore do not describe an unlawful impediment created by governmental action, as required by § 2255(f)(2), to prevent timely filing of a § 2255 motion. By Moore's own admission, Moore chose not to investigate or pursue a § 2255 motion between January 2013 and September 2, 2014, because he felt that staff would "provoke" him into violating the terms of his housing program. Moore's lack of confidence in his ability to control himself and conform his behavior within the remedial behavioral goals of the SMU is not imputable to staff and does not constitute an

-4-

Case 2:11-cr-00004-JPJ   Document 305   Filed 04/07/15   Page 4 of 6   Pageid#: 2064

unlawful governmental impediment. Furthermore, the record in this action establishes that Moore was able to communicate with the courts between January 2013, when he entered the SMU, and November 2014, when the limitations period under § 2255(f)(1) expired. (*See* ECF Nos. 277, 281, 283, 285, 288, 292, 293, 296.) Moreover, the three claims raised in the § 2255 motion concern the trial testimony of FBI Agent Doug Fender, and the record reflects that Moore knew of and challenged that testimony in a pro se motion for a new trial while he was in the SMU. (ECF No. 277.) When the court offered to construe the claims as arising under § 2255, Moore objected and said he would file a § 2255 motion at a later time. (ECF Nos. 279, 281, 282.) Therefore, I find that § 2255(f)(2) does not apply, § 2255(f)(1) is the appropriate limitations period, and Moore filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Moore

pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (noting a pro se prisoner's lack of access to legal resources does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Moore filed the § 2255 motion beyond the one-year limitations period, Moore is not entitled to equitable tolling, and the § 2255 motion must be denied.

### III.

For the foregoing reasons, the Motion for Reconsideration is granted, and the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: April 7, 2015

/s/ James P. Jones
United States District Judge